LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
H.M.S. HUSSAR INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.M.S. HUSSAR INC.,<br><br>                Plaintiff,<br><br>    -against-<br><br>THE UNIDENTIFIED, WRECKED and ABANDONED SAILING VESSEL, her tackle, armament, apparel, cargo, *etc.* located in an area bounded by coordinates: a) 40° 47' 49.99" North - 073° 54' 54.71" West; b) 40° 47' 28.18" North - 073° 54' 36.01" West; c) 40° 48' 19.04" North - 073° 53' 46.50" West; and d) 40° 48' 04.02" North - 73° 53' 05.43" West,<br><br>                Defendant. | **ECF CASE**<br><br>00 Civ. 121 (LAP)<br><br><br>**AMENDED VERIFIED COMPLAINT IN REM** |

Plaintiff, H.M.S. HUSSAR, INC., sues defendant, the UNIDENTIFIED, WRECKED, and ABANDONED VESSEL, thought to be the Frigate HUSSAR (the "Vessel"), her tackle, armament, cargo, *etc.* and alleges as follows:

    1.      This is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, and is a case within the admiralty and maritime jurisdiction of this Court as hereinafter more fully appears.

    2.      This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1333.

    3.      The plaintiff is and, at all times material hereto, was a corporation organized and existing under the laws of the State of New York.

4.     The Vessel is believed to be located in an area bounded by the coordinates: a) 40°

47' 49.99" North - 073° 54' 54.71" West; b) 40° 47' 28.18" North - 073° 54' 36.01" West; c) 40°

48' 19.04" North - 073° 53' 46.50" West; and d) 40° 48' 04.02" North - 73° 53' 05.43" West.

Said area is believed to encompass the defendant Vessel as a result of work performed to date by

the plaintiff; however, it may become necessary in the future to amend the referenced salvage

area as salvage operations progress and the scatter pattern for the wreck site area becomes more

clearly defined.

5.     Portions of the defendant Vessel are within the territorial jurisdiction of this Court

and as items of salvage are brought to the surface by the plaintiff, they will be brought into the

Port of New York and turned over to the custody of this Honorable Court.

6.     The plaintiff is presently maintaining as much possession and exclusive control of

the Vessel as is feasible under the circumstances and will continue to salvage the wreck site as

diligently as the natural salvaging conditions permit.

7.     The defendant Vessel, her tackle, armament, apparel, cargo, *etc.* were in a state of

abandonment prior to plaintiff's finding of said Vessel, filing of this suit, and exercising of the

Warrant for Arrest in rem to be issued by the Court under the established federal maritime law of

salvage.

8.     The plaintiff has salvaged a small portion of the Vessel and her cargo and is

presently undertaking further search, exploration, and salvage in order to possess the defendant

Vessel, her tackle, armament, apparel, cargo, *etc.*

9.     The services, skills, and expenditures of time and money on the part of the

plaintiff have been and will be of the highest order of merit.

10.     By virtue of this *in rem* action for title and/or salvage award against items recovered from the wreck site of this Vessel, plaintiff's exercise of continuous possession of said Vessel and wreck site to the extent that its nature and circumstances dictate, and plaintiff's demonstration of the reasonable success in saving the artifacts from their peril, the Court should award title of the salved artifacts to the plaintiff under the maritime law of salvage and by the maritime law of finds.

11.     Plaintiff seeks to be declared owner in possession of the defendant Vessel under the maritime law of finds or alternatively, plaintiff seeks a liberal salvage award for the services performed on the defendant Vessel pursuant to the maritime law of salvage.

12.     Plaintiff is presently engaging the services of an historical/archaeological consultant to formulate an operational plan to outline the salvage objectives and operational procedures in order to fully preserve and protect the historical and archaeological provenience of the defendant Vessel and her wreck site.

WHEREFORE, plaintiff prays as follows:

a.     That process issue in accordance with the Supplemental Admiralty Rules and, since it is impractical for the U.S. Marshal to take full possession of the defendant Vessel, her tackle, armaments, cargo, *etc.* that additional ancillary process issue pursuant to Rule E(4)(b) and C(5) and that public notice to claimants be given in such forms as the Court may direct;

b.     That Plaintiff be put into possession of Vessel, her tackle, apparel, armament, cargo, *etc.* and that all other persons, firms, and corporations and/or governmental agencies be enjoined from interfering with the plaintiff's title, exclusive possession and control of the salvage activities on the defendant Vessel;

c.      That plaintiff be allowed to document salvage activities to the Court by periodic salvage reports and that this Court periodically adjudicate title and/or a salvage award in favor of the plaintiff against all claimants and all the world;

d.      That all governments, governmental agencies, states, persons, firms or corporations claiming an interest in the defendant Vessel be cited to appear before this Honorable Court to show cause why possession and title to the salvage from the defendant Vessel should not be adjudicated in favor of plaintiff;

e.      Alternatively, that plaintiff be awarded a full and liberal salvage award; and

f.      That plaintiff be awarded attorneys' fees and costs against all unsuccessful claimants as may appear in this action and that the Court award such other and further relief as it deems just and proper under the circumstances.

Dated this 29th day of August, 2013, at New York, New York.


                              LYONS & FLOOD, LLP
                              Attorneys for Plaintiff
                              H.M.S. HUSSAR INC.

            By:     _____
                              Kirk M. Lyons
                              65 West 36th Street, 7th Floor
                              New York, New York 10018
                              (212) 594-2400

## VERIFICATION

Joseph Governali, the undersigned, state that I am President of H.M.S. HUSSAR INC., in the within action; I have read the foregoing Amended Verified Complaint in Rem and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and believe, and as to those matters I believe them to be true.

I verify under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: August 21, 2013

Joseph Governali
President
H.M.S. HUSSAR INC.

- 5 -