UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.M.S. HUSSAR, INC.,

                    Plaintiff,

-against-

THE UNIDENTIFIED, WRECKED, AND
ABANDONED SAILING VESSEL,

                    Defendant.

No. 00-cv-121 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

On June 28, 2022, the Court ordered the President of H.M.S. Hussar, Inc., Joseph Governali, to appear on July 7, 2022, and show cause why he should not be held in contempt for his willful failure or refusal to comply with the April 1, 2022 subpoena (the "Subpoena")[1] and willful failure or refusal to obey this Court's May 2, 2022 Order.[2]  (See dkt. no. 67.)  The Court's June 28, 2022 Order and Mr. Monaco's Declaration in Support of Order to Show Cause was served upon Mr. Governali on June 30, 2022. (See dkt. no. 68.)

---

[1] The Subpoena commanded Mr. Governali: (1) to appear on April 25, 2022, to testify at a deposition in this action; and (2) to produce, among other things, corporate books and records, tax records, and bank records from 1998 to date.  (Dkt. no. 66, Ex. 1.)  The Subpoena was served upon Mr. Governali on April 5, 2022.  (See id., Ex. 2.)  Mr. Governali did not appear for examination on April 25, 2022.  (See id. at 4.)
[2] On May 2, 2022, the Court ordered Mr. Governali to appear for examination on May 26, 2022, and to bring the items demanded in the Subpoena.  (Dkt. no. 66, Ex. 3.)  Mr. Governali did not appear for examination on June 30, 2022.  (Id. at 5; id., Ex. 5.)

For the reasons stated on the record at the July 7, 2022 hearing, Mr. Governali is held in civil contempt.

It is well established that courts have inherent power to enforce compliance with their lawful orders through the imposition of civil contempt sanctions.  Shillitani v. United States, 384 U.S. 364, 370 (1966).  Civil contempt sanctions are used as a coercive measure to compel future compliance.  See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 824, 827 (1994) ("[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required.").  The Court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.'"  Powell v. Ward, 643 F.2d 924, 931 (2d Cir. 1981) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)), cert denied, 454 U.S. 832 (1981).

A court may exercise its contempt power to enforce compliance with a lawful order when "1) the order is clear and unambiguous; 2) proof of noncompliance is clear and convincing; and 3) the party has not been reasonably diligent and energetic

2

in attempting to comply with the order." <u>S.E.C. v. Musella</u>, 818 F. Supp. 600, 601 (S.D.N.Y. 1993).

These conditions have clearly been met. First, the Court's May 2, 2022 Order stated the date, time, and place of Mr. Governali's examination and admonished him that "[f]ailure to comply may result in sanctions." (Dkt. no. 66, Ex. 3.) Second, Richard Monaco presented clear and convincing evidence of Mr. Governali's noncompliance by filing affidavits of service for the Subpoena, the Court's May 2, 2022 Order, and the Court's June 28, 2022 Order, and swearing to Mr. Governali's failure to appear. (<u>See</u> <u>id.</u>, Exs. 2, 4; dkt. no. 68.) Finally, Mr. Governali has not been reasonably diligent or energetic to comply with the Court's Orders as the Court has not received any response from Mr. Governali. In fact, Mr. Monaco has not heard from Mr. Governali since April 22, 2022, three days before his original examination. (<u>Id.</u> at 4.) Accordingly, Mr. Governali is found to be in contempt.

In order to compel Mr. Governali to appear, it is hereby ordered that, beginning on Wednesday, July 20, 2022, Mr. Governali is assessed a fine of $100 for each day he fails to appear for his deposition and produce the documents demanded in the Subpoena.

Mr. Governali is admonished that his failure to appear for his deposition and produce the documents demanded in the

Subpoena within thirty (30) days of July 20, 2022, may result in the Court's ordering the U.S. Marshals: (1) to arrest Mr. Governali and take him into custody using any force necessary up to and including entering any residence in which the Marshals believe he resides; and (2) to hold Mr. Governali in custody until such time as he fully complies with the Court's Orders or until this Court orders otherwise.

The Court also considers Mr. Monaco's application for sanctions, pursuant to Rule 30 of the Federal Rules of Civil Procedure, against non-party Mr. Governali for the costs associated with failing to appear for examination.  (See dkt. no. 66 at 5.)  Rule 30(d)(2) states that "[t]he court may impose an appropriate sanction-including the reasonable expenses and attorney's fees incurred by any party-on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).  To award sanctions under Rule 30(d)(2), the court must find the movant met his burden "of showing that the deposition was impeded, delayed, or frustrated in any material sense."  Chawla v. Metropolitan Oral Surgery Assocs., P.C., No. 11 CV 6248, 2014 WL 4678023, at *7 (E.D.N.Y. Sep. 19, 2014).  A showing a bad faith is not needed to award sanctions under Rule 30(d)(2).  See Quinio v. Aala, No. 15 CV 4912, 2017 WL 8646668, at *2 (E.D.N.Y. Dec. 21, 2017).  Mr. Monaco has clearly met his burden, as Mr. Governali has twice

4

failed to appear for his deposition and now has failed to appear
to show cause for why he failed to appear on the prior two
occasions.  Accordingly, the Court orders Mr. Governali to pay
Mr. Monaco $671.00, which are the costs associated with the
failed examinations, within five business days at the following
address:

> The Law Offices of Richard G. Monaco, P.C.,
> 80 Westchester Square, Bronx, New York 10461.

(See dkt. no. 66 at 5.)

**SO ORDERED.**

Dated:     July 8, 2022
           New York, New York

_Loretta A. Presla_
LORETTA A. PRESKA
Senior United States District Judge